UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


HERSCHEL COLBERT,

                Petitioner

       v.                              C-1-06-93

SAMUEL TAMBI, Warden

                Respondent


## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the following Report and Recommendation of the Magistrate Judge (doc. no. 9) recommending that respondent's Motion to Dismiss (doc. no. 6) be granted and upon petitioner's objections to the Report and Recommendation (doc. no. 13).

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Hocking Correctional Facility in Nelsonville, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on respondent's motion to dismiss (Doc. 6), which is opposed by petitioner (Doc. 7).

### Procedural Background

On October 24, 2003, the Hamilton County, Ohio, grand jury indicted petitioner on two counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(1) and two counts of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A).  (Doc. 6, Ex. 1).

Petitioner initially entered a plea of not guilty and, through counsel, filed a motion to suppress evidence pertaining to the possession counts.  (*Id.,* Exs. 2–3). After a hearing held December 12, 2003, the trial court denied petitioner's suppression motion. (*See id.,* Exs. 4, 11).

Thereafter, on October 25, 2004, petitioner withdrew his not–guilty plea and entered a plea of no contest.  (*Id.,* Ex. 5).  In the plea entry executed by petitioner and counsel, petitioner stated: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence."  (*Id.*).  Moreover, at the plea and sentencing hearing, the trial court informed petitioner twice that he had "30 days from the date I impose sentence to appeal the decision of this Court," and that if he could not "afford the costs of a lawyer or costs of an appeal, both will be free of charge." (*Id.,* Ex. 12, Tr. 7, 13).  On that same date, petitioner was sentenced to concurrent terms of imprisonment totaling four (4) years with "credit for 132 days time served."  (*Id.,* Ex. 6).

2

On November 29, 2004, petitioner filed a notice of appeal to the Ohio Court of Appeals, First Appellate District.  (*Id.,* Ex. 7).  On December 22, 2004, the Court of Appeals *sua sponte* dismissed the appeal "for failure to comply with the Ohio Rules of Appellate Procedure to wit:   App.R. 4(A)."  (*Id.,* Ex. 8).

Nearly three months later, on March 15, 2005, petitioner filed a motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 9). Petitioner did not present in this motion any assignments of error that he hoped to raise on appeal.  However, he did argue as "cause" for his failure to perfect an appeal as of right that the trial court did not inform him of "his right to appeal the imposition of his sentence in accordance with Crim.R. 32(B)," that he lacked legal counsel to assist him in expediting matters on appeal, and that he did not know an appeal "could be possible under certain circumstances."  (*Id.*).

On March 30, 2005, the Ohio Court of Appeals overruled petitioner's motion for leave to file a delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right."  (*Id.,* Ex. 10). Apparently, petitioner did not pursue an appeal from this decision to the Supreme Court of Ohio.  (*Id.,* Brief, p. 3).

Petitioner next initiated the instant federal habeas corpus action.  The petition, which contains an "Affidavit of Indigency" executed by petitioner on February 15, 2006, was "filed" on February 23, 2006.  (Doc. 1).  Petitioner asserts the following grounds for relief:

3

**Ground One**:  Denial of effective assistance of counsel when counsel stood silent as the state unconstitutionally deprived him of liberty [with respect to his motion to suppress certain evidence].

**Ground Two**: Denial of right of appeal when counsel failed to file a timely notice of appeal when requested by defendant to do so.

**Supporting Facts**: . . . .The defendant was abandoned, by his counsel, and was then left to attempt his own appeal . . . from prison, and was prevented from filing his appeal in a timely manner by an impediment created by the prison's procedure[]s for forwarding inmate legal mail. Thus, the defendant's *pro se* appeal notice was returned stamped received by the court on 11/30/04, although mailed from prison on 11/18/04.

**Ground Three**:  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure based on prejudicial testimony.

**Ground Four**:  Denial of counsel on first appeal as of right when right to effective assistance of counsel was violated by appointed counsel.

**Supporting Facts**:  Counsel was not acting in role of active advocate for defendant's rights . . . by merely assisting the defendant in a detached or indifferent evaluation of defendant's claims and, was unavailable to assist in preparing and submitting brief to appellate court, which is the cause for defendant's *pro se* motion for delayed appeal denial as untimely.

(*Id.*, pp. 5-6).

Respondent has filed a motion to dismiss, wherein he contends that the petition is barred from review by the applicable one–year statute of limitations set forth in 28 U.S.C. § 2244(d).  (*See* Doc. 6, Brief, pp. 4–8).  Respondent alternatively argues that petitioner has not exhausted an arguably available state court remedy. (*See id.,* pp. 8–12).

## OPINION

### A.  Grounds One and Three, And Part Of Ground Four, Are Time-Barred

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must initially determine which statute of limitations provision set forth in 28 U.S.C. § 2244(d)(1) applies to each of the four grounds for relief alleged in the petition.

5

First, it appears that the claim alleged in Ground Two of the petition, as well as the portion of Ground Four challenging the effectiveness of petitioner's counsel in perfecting an appeal as of right in the state courts, did not arise until petitioner received notice of the Ohio Court of Appeals' December 22, 2004 Entry dismissing his initial *pro se* appeal as untimely–filed.  Therefore, those claims are governed by 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations does not begin to run until the factual predicate of the claims presented could have been discovered in the exercise of due diligence.[1]  Because under § 2244(d)(1)(D), the statute of limitations did not begin to run with respect to such claims until after the Ohio Court of Appeals entered its December 22, 2004 order *sua sponte* dismissing petitioner's initial *pro se* appeal, the undersigned concludes that the claim alleged in Ground Two of the petition, and the portion of Ground Four alleging error by defense counsel in assisting petitioner on appeal, are not time–barred.[2]

---

[1]  Petitioner could not have discovered the factual bases for these claims until after his *pro se* appeal was dismissed as untimely-filed, because it appears from the present record that he submitted his notice of appeal to prison authorities for mailing to the court on November 18, 2004, six days before the expiration of the 30-day period for filing an appeal as of right under Ohio R. App. P. 4(A).  (*See* Doc. 1, Ex. C; Doc. 6, Ex. 7, Certificate of Service).  Petitioner, therefore, would have had no reason to believe at that time that his pleading, which was ultimately "filed" on November 29, 2004, five days after the 30-day appeal period expired, would be dismissed as time-barred.

[2]  In reaching this conclusion, the undersigned assumes petitioner was informed of the Court of Appeals' decision as early as December 22, 2004.  Based on this assumption, the statute of limitations commenced running under 28 U.S.C. § 2244(d)(1)(D) on December 23, 2004 and ran for 82 days before it was tolled on March

In contrast, petitioner's remaining claims alleged in Grounds One, Three and Four are based on purported errors that occurred prior to or during the state plea–taking and sentencing proceedings.  Normally, such claims are governed by 28 U.S.C. § 2244(d)(1)(A), which provides the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.   However, petitioner has argued that he was denied effective assistance of counsel and his constitutional right of appeal because he was not adequately informed of his appeal rights when he entered his plea of no–contest and because his trial counsel

15, 2005 by the filing of petitioner's properly-filed motion for leave to file a delayed appeal to the Ohio Court of Appeals. *See* 28 U.S.C. § 2244(d)(2).  The statute commenced running again on May 15, 2005, the day after the 45-day period expired for filing a timely appeal to the Supreme Court of Ohio from the Court of Appeals' March 30, 2005 entry overruling petitioner's motion for delayed appeal.   Therefore, based on the undersigned's calculations, the statute of limitations was not due to expire until 283 days later on February 21, 2006.

Although the instant petition was officially stamped as "filed" with this Court on February 23, 2006, two days past the limitations period, under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).   In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing.  Absent evidence to the contrary, it is assumed that the petition was delivered to prison authorities and thus timely "filed" on February 15, 2006, the date petitioner executed the "Affidavit of Indigency" attached to his petition. *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

failed to assist him in perfecting a timely appeal. The question then arises as to whether these particular claims are also governed by 28 U.S.C. § 2244(d)(1)(D).[3]

Here, it is clear from the record that contrary to his contention, petitioner was informed when he entered his no-contest plea and was sentenced on October 25, 2004 that he had a right of appeal, which had to be exercised within thirty days of entry of the sentence. (*See* Doc. 6, Ex. 5 & Ex. 12, Tr. 7, 13). Moreover, because it appears from the record that petitioner prepared and submitted a *pro se* notice of appeal to prison authorities for mailing to the state courts on November 18, 2004, petitioner also knew within the requisite 30-day period that his trial counsel would not be assisting him in perfecting such an appeal.

In light of the record evidence clearly showing that petitioner was informed of his right of appeal and knew during the 30-day appeal period that his trial

---

[3] The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating that he was actually prevented from filing a timely habeas petition because of the ineffectiveness of his state appellate counsel in perfecting or pursuing an appeal on his behalf. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (unpublished Report & Recommendation), *adopted,* 2004 WL 1944030 (N.D. Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D. Tex. Aug. 13, 2003) (unpublished Report & Recommendation). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)). As further discussed *infra* p. 6, no such allegations have been made here. Therefore, the one-year limitations provision set forth in § 2244(d)(1)(B)(sic) is inapplicable to the case-at-hand.

counsel would not be assisting him in perfecting an appeal, the undersigned concludes that the factual predicates underlying petitioner's claims in Grounds One and Three, as well as his claim in Ground Four that his counsel failed to adequately represent him in the pretrial, plea-taking and sentencing proceedings, were discoverable in the exercise of due diligence before the challenged judgment of conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review as set forth in 28 U.S.C. § 2244(d)(1)(A).

In certain pleadings, petitioner has suggested that he did not understand he had the right to appeal his conviction or sentence based on the specific claims alleged in Grounds One, Three and Four challenging his counsel's conduct during the trial proceedings and the trial court's denial of his suppression motion. Concededly, the potential for confusion could have been avoided if the plea form or the trial court had been more explicit regarding the range of issues a defendant may raise in an appeal challenging a conviction or sentence based on a no-contest plea.[4]  Nevertheless, the Court finds that the general notice provided in the plea form and by the trial court was sufficient to inform petitioner that he had a right of appeal, albeit "limited," which he would lose if he failed to exercise that right within thirty days.  Therefore, the undersigned concludes that the claims alleged in Grounds One and Three, as well as the portion of Ground Four challenging

---

[4]  For example, as respondent noted in the motion to dismiss (Doc. 6, Brief, p. 12 n.2), by entering a no-contest plea, a criminal defendant preserves the right to appeal the denial of a motion to suppress, *see* Ohio R. Crim. P. 12(I).

defense counsel's conduct during the trial proceedings, are all governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), petitioner's conviction became "final" on November 24, 2004, when the thirty (30) day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final Judgment Entry issued October 25, 2004. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on November 25, 2004, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[5]

---

[5] To the extent petitioner contends that his motion for delayed appeal caused the limitations period to begin anew, his argument must fail. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. More recently, in *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493 (6th Cir. 2005), the Sixth Circuit further emphasized that a motion for delayed appeal, "*even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000).[6]  The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[7]  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

---

[6]  *See also Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,*  124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[7]  *See also Smith v. McGinnis,*  208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

Here, as noted above, *see supra* p. 4 n.1, it appears that petitioner submitted a *pro se* notice of appeal to prison authorities for mailing to the state courts on November 18, 2004, within the requisite 30-day appeal period, which arguably served to either delay or toll the running of the statute of limitations. This argument would have merit if the Court were to apply the "federal mailbox rule," under which a *pro se* prisoner's pleading is deemed "filed" on the date the prisoner turns his pleading over to prison authorities for mailing to the court. *See supra* p. 5 n.2 (citing Supreme Court's *Lack* decision and circuit court cases following *Lack*).

However, the Sixth Circuit has followed the Fifth, Tenth and Eleventh Circuits in declining to extend the "federal mailbox rule" to the determination of filing dates for state pleadings. *See Vroman v. Brigano,* 346 F.3d 598, 603-04 (6th Cir. 2003) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam), *cert. denied*, 529 U.S. 1057 (2000); *Adams v. LeMaster,* 223 F.3d 1177, 1181 (10th Cir. 2000)*, cert. denied*, 531 U.S. 1195 (2001); *Webster v. Moore*, 199 F.3d 1256, 1258-59 (11th Cir.)*, cert. denied,* 531 U.S. 991 (2000)). *But see Fernandez v. Artuz,* 402 F.3d 111, 114-15 & n.3 (2nd Cir.)*, cert. denied,* 126 S.Ct. 79 (2005); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000), *cert. denied, 533 U.S. 941 (2001).*

Therefore, as in *Vroman,* this Court must defer to the state appellate court's determination that petitioner's initial appeal was not timely filed in accordance with Ohio law, which holds that a pleading is deemed "filed" on the date it is officially filed with the court. *Cf. Vroman,* 346 F.3d at 603 (citing *State ex rel. Tyler v. Alexander,* 555 N.E.2d 966 (Ohio 1990)).  Because petitioner's appeal was dismissed for non-compliance with Ohio's timeliness requirements, the notice of appeal filed November 18, 2004 neither served to delay the limitations period under § 2244(d)(1)(A) nor constituted a "properly filed" application for post-conviction relief or other collateral review for tolling purposes under § 2244(d)(2). *See id.* (citing *Israfil v. Russell,* 276 F.3d 768, 771–72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002)).

The statute of limitations, which commenced running November 25, 2004, was tolled 111 days later on March 15, 2005 when petitioner filed his motion for leave to file a delayed appeal with the Ohio Court of Appeals.  (*See* Doc. 6, Ex. 9). The statute commenced running again on May 15, 2005, one day after the 45–day period expired for filing an appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' March 30, 2005 entry overruling petitioner's motion for delayed appeal.  (*See id.,* Ex. 10); *see also* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio.

The limitations period expired 254 days later on or about January 23, 2006, nearly a month before the instant petition was "filed" at the earliest on February 15, 2006.  *See supra* p. 5 n.2.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).  In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).  The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling.  *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)).  The absence of prejudice may only be considered when other factors of the test are met.  *Id.*

Here, an argument can be made that petitioner is entitled to equitable tolling

14

from the date that he deposited his *pro se* notice of appeal on November 18, 2004 with prison officials for mailing until the date he discovered that his attempted appeal as of right was not timely filed with the state court. This argument, if accepted, would mean that all of petitioner's claims for relief are subject to review as falling within the one-year limitations period. However, the undersigned is persuaded by *Vroman,* 346 F.3d at 605, and the Fifth's Circuit's decision in *Coleman,* 184 F.3d at 402-03, where similar arguments were made, that petitioner has not demonstrated that such circumstance is sufficiently extraordinary to qualify for equitable tolling in this case.

Petitioner has not claimed that he lacked either actual or constructive notice of the one-year filing requirement for federal habeas petitions. Moreover, to the extent he contends he has been diligent in pursuing his rights, his argument focuses only on his diligence in attempting to perfect a timely appeal to the Ohio Court of Appeals. *Cf. Vroman,* 346 F.3d at 605. In contrast, petitioner has not explained his over two-month delay in filing a motion for delayed appeal with the Ohio Court of Appeals after his initial appeal was dismissed as untimely on December 22, 2004. Moreover, most importantly, petitioner has not sought to justify his nearly eleven month delay in filing the instant habeas corpus petition after the Ohio Court of Appeals denied his motion for delayed appeal on March 30, 2005. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that the claim alleged in

15

Ground Two of the petition, as well as the portion of Ground Four challenging the effectiveness of petitioner's counsel in perfecting an appeal as of right in the state courts, are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D) and are not time-barred.  On the other hand, Grounds One and Three, as well as petitioner's claim in Ground Four that his trial counsel was ineffective during the pretrial and trial proceedings, are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) and are time-barred. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the statute of limitations bar in this case.

Therefore, it is RECOMMENDED that respondent's motion to dismiss on statute of limitations grounds (Doc. 6) be GRANTED in part to the extent that only Grounds One, Three and the claim in Ground Four challenging trial counsel's performance during the trial proceedings should be dismissed with prejudice as time-barred.

## B. Petitioner's Remaining Non-Time-Barred Claims Should Be Dismissed Because They Have Not Been Examined In The State Courts

In his remaining claims for relief alleged in Grounds Two and Four of the petition, petitioner essentially contends that he was denied his right of appeal due to his trial counsel's failure to provide assistance in perfecting a timely appeal to the Ohio Court of Appeals "when requested . . . to do so." (Doc. 1, pp. 5-6). In the motion to dismiss, respondent contends that these non-time-barred claims for relief have not been fully exhausted in the state courts. (Doc. 6, Brief, pp. 8-12).

The resolution of this issue requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of unexhausted claims without prejudice when exhaustion principles are applied or the denial of such claims with prejudice when waiver principles are invoked.[8]

---

[8]    Because the instant petition is not a "mixed" petition containing both exhausted and unexhausted claims, *see Rose v. Lundy,* 455 U.S. 509 (1982), the "stay-and-abeyance" procedure adopted to protect "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker,* 533 U.S. 167, 184 (2001) (Stevens, J., concurring), is inapplicable. Under such procedure, the district court may stay the exhausted portion of the petition pending the resolution of the unexhausted claims in the state courts. However, in cases such as this, where the petitioner has failed to exhaust any of his claims for relief, the court has no basis to retain jurisdiction during the time petitioner returns to the state courts to exhaust an available remedy. *See, e.g., Carpenter v. Reynolds,* 212 F.Supp.2d 94, 98 (E.D.N.Y. 2002); *Baity v. McCary,* No. 02 Civ.1817 LAPAJP, 2002 WL 31433293, at *2 & n.3 (S.D.N.Y. Oct. 31, 2002) (unpublished) (and cases cited therein); *cf. Stedman v. Hurley,* No.1:05cv2051, 2006 WL 2864319, *8-9 (N.D. Ohio Oct. 4, 2006) (Report & Recommendation) (unpublished) (involving a petition containing only exhausted claims, where the petitioner sought to exhaust a claim not alleged in the petition); *Razo v. Bradshaw,* 1:05cv1106, 2006 WL 1805896 (N.D. Ohio June 29, 2006) (unpublished) (same). In any event, a stay is inappropriate in the absence of "good cause" for petitioner's failure to exhaust his claims first in the

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations. If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition may be dismissed without prejudice (or in cases involving "mixed" petitions, administratively stayed) pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647,

---

state courts as required under *Rhines v. Weber,* 544 U.S. 269, 277 (2005).

652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276–77 (2005).

The exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). Nevertheless, there is a strong presumption in favor of requiring exhaustion of state court remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner has not exhausted his remaining claims regarding the denial of the right to an appeal to the extent he raised such claims in his motion for delayed appeal to the Ohio Court of Appeals and failed to further appeal to the state's highest court. In the usual case, as respondent has pointed out (*see* Doc. 6, Brief, p. 10), the remedy of a delayed appeal to the Supreme Court of Ohio remains available to petitioner for the purpose of fully exhausting these claims in the state courts. *See* Rule II, §2(A)(4)(a), Rules of Practice of the Supreme Court of Ohio.

In his opposition memorandum, petitioner states that at this late juncture, nearly two years after he was denied a delayed appeal by the Ohio Court of Appeals, it would be futile for him to seek further discretionary review by the state's highest court. (Doc. 7, p. 11). Indeed, it is well-established both in Ohio

and the Sixth Circuit that a *pro se* prisoner's ignorance of or inexperience with the law does not constitute "good cause" sufficient to justify delayed filings.  *See, e.g., State v. Pierce,* 659 N.E.2d 1252, 1252–53 (Ohio 1996) (per curiam) (and state cases cited therein) (affirming denial of delayed application to reopen appeal prescribed under Ohio R. App. P. 26(B)); *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir.) (per curiam), *cert. denied,* 543 U.S. 989 (2004); *Monzo v. Edwards,* 281 F.3d 568, 578 (6th Cir. 2002).  Moreover, to the extent petitioner could have established "cause" for his initial failure to file a timely appeal in November 2004, it is also well-settled in Ohio that "good cause" will excuse a filing delay "only while it exists, not for an indefinite period."  *State v. Fox,* 700 N.E.2d 1253, 1254 (Ohio 1998) (per curiam) (involving a three-year delay in filing reopening application).

Nevertheless, out of an abundance of caution and because petitioner has never even attempted a delayed appeal to the Supreme Court of Ohio, petitioner's remaining unexhausted claims should not be dismissed with prejudice as waived, but rather without prejudice on exhaustion grounds.

## CONCLUSION

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court

finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Report and Recommendation dated February 22, 2007.

Respondent's Motion to Dismiss (Doc. 6) is **GRANTED.** Grounds One and Three of the petition, as well as the portion of Ground Four alleging ineffective assistance of counsel prior to and during the trial proceedings, are **DISMISSED** with prejudice as time-barred. Petitioner's remaining non-time-barred, but unexhausted, claims for relief alleged in Grounds Two and Four of the petition are **DISMISSED** without prejudice on exhaustion grounds.

A certificate of appealability shall issue with respect to the dismissal of Grounds One, Three and part of Four with prejudice on procedural statute of limitations grounds, because under the two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling and whether petitioner has stated a viable constitutional claim in those grounds.

- 23 -

A certificate of appealability shall not issue with respect to the dismissal without prejudice of petitioner's remaining non-time-barred, but unexhausted, claims for relief because under the first prong of the two-part *Slack* standard, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust an available state court remedy with respect to such claims.[9] *Cf. Mingo v. Michigan,* No. 1:06-CV-24, 2006 WL 151901, at *4 (W.D. Mich. Jan. 18, 2006) (unpublished). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *see also Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983).

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would be taken in "good faith," and therefore **GRANTS** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

---

[9] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

23

- 24 -

The case is **TERMINATED** on the docket of this Court.[10]

**IT IS SO ORDERED.**


                        <u>   s/Herman J. Weber   </u>
                        Herman J. Weber, Senior Judge
                        United States District Court

---

[10]  The Court notes that any subsequent federal habeas petition may be time-barred absent a basis for equitable tolling.  *Cf. Baity, supra,* 2002 WL 31433293, at *3 n.4 (recommending dismissal *without prejudice* despite the fact that a future petition may be time-barred because (1) the petitioner might be entitled to equitable tolling in such a case, and (2) state remedies might be limited by a dismissal with prejudice).  Moreover, any future federal habeas petition also may be subject to dismissal with prejudice on waiver grounds in the event, as foreseen by the petitioner, the Supreme Court of Ohio refuses to grant petitioner a delayed appeal from the Ohio Court of Appeals' March 30, 2005 entry overruling his motion for leave to appeal his conviction and sentence.